## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GERVASE PETERSON,<br><br>               Plaintiff,<br><br>     v.<br><br>KEN GOLDIN, GOLDIN AUCTIONS, LLC, SPOKE STUDIOS, LLC, WHEELHOUSE ENTERTAINMENT, LLC, NETFLIX, INC., and DOES 1-5,<br><br>               Defendants. | Case No. 1:23-cv-02866-CPO-AMD<br><br>Hon. Christine P. O'Hearn<br>Hon. Ann Marie Donio<br><br>*Document Electronically Filed*<br><br>**Motion Date: November 20, 2023**<br><br>**Oral Argument Requested** |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' <u>MOTION TO DISMISS THE AMENDED COMPLAINT</u>

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ................................................................................... 1

ARGUMENT........................................................................................... 2

I.    THE COPYRIGHT CLAIM FAILS AS A MATTER OF LAW. .............. 2

    A.    Plaintiff fails to plausibly allege any actionable copyright
    infringement. ..................................................................................... 3

        i.    Plaintiff has not identified any protectable element of
        The Goldin Boys that was allegedly copied. .......................... 3

        ii.    Plaintiff's "selection and arrangement" theory of
        copyright protection fails. ....................................................... 6

        iii.    The Court should decline Plaintiff's late invitation to
        review the allegedly infringing work and redraft the
        Amended Complaint for him................................................. 10

    B.    Plaintiff's allegations improperly lump all "Defendants" together.  12

II.   PLAINTIFF HAS ABANDONED HIS CLAIM UNDER THE NEW
JERSEY UNIFORM PARTNERSHIP ACT. .......................................... 14

CONCLUSION ................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*A&E TV Networks, LLC v. Big Fish Ent., LLC*,
    2023 U.S. Dist. LEXIS 105348 (S.D.N.Y. June 16, 2023) .............................6, 9

*Castorina v. Spike Cable Networks, Inc.*,
    784 F. Supp. 2d 107 (E.D.N.Y. 2011) ............................................................6, 9

*D.A. v. Finish Line, Inc.*,
    2022 U.S. Dist. LEXIS 188052 (D.N.J. Oct. 14, 2022) ....................................15

*Dura Pharm., Inc. v. Broudo*,
    544 U.S. 336 (2005) ..........................................................................................12

*FMHUB, LLC v. MuniPlatform, LLC*,
    2021 U.S. Dist. LEXIS 72761 (D.N.J. Apr. 15, 2021) ......................................11

*Gregory S. Markantone DPM, P.C. v. Podiatric Billing Specialists, LLC*,
    599 F. App'x 459 (3d Cir. 2015) ....................................................................4, 5

*Khorchid v. 7-Eleven, Inc.*,
    2018 U.S. Dist. LEXIS 180609 (D.N.J. Oct. 22, 2018) ....................................1

*Leonard v. Stemtech Int'l Inc.*,
    834 F.3d 376 (3d Cir. 2016) .............................................................................12

*Levey v. Brownstone Inv. Grp., LLC*,
    2013 U.S. Dist. LEXIS 90178 (D.N.J. June 26, 2013) .....................................14

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
    545 U.S. 913 (2005) ..........................................................................................12

*On Location, Inc. v. Popovich*,
    2023 U.S. Dist. LEXIS 53782 (D.N.J. Mar. 29, 2023) .................................2, 15

*Pino v. Viacom, Inc.*,
    2008 U.S. Dist. LEXIS 24453 (D.N.J. Feb. 29, 2008).............................3, 5, 10

*Sizmur v. Daimler Benz AG*,
    2023 U.S. Dist. LEXIS 173849 (D.N.J. Sept. 28, 2023)...........................4, 8, 13

*United States v. Bestfoods*,
   524 U.S. 51 (1998).......................................................................................13

*Washington v. ViacomCBS, Inc.*,
   2020 U.S. Dist. LEXIS 188005 (C.D. Cal. Aug. 20, 2020) ........................2, 7, 8

*Watkins v. ITM Recs.*,
   2015 U.S. Dist. LEXIS 96610 (E.D. Pa. July 24, 2015) .............................2, 12

*Williams v. A&E TV Networks*,
   122 F. Supp. 3d 157 (S.D.N.Y. 2015) ...........................................................6, 7

STATUTES

17 U.S.C. § 102 ............................................................................................5, 8

**INTRODUCTION**

Plaintiff's opposition fails to address Defendants' motion to dismiss head on. He does not explain how the allegations in the Amended Complaint plausibly support a claim that *King of Collectibles* infringes his registered works for a different show, *The Goldin Boys*. Instead, Plaintiff impermissibly relies on (i) *new* copyright infringement theories that he has not pleaded; and (ii) *new* facts and evidence outside the Amended Complaint. *See, e.g.*, *Khorchid v. 7-Eleven, Inc.*, 2018 U.S. Dist. LEXIS 180609, at *3 n.1 (D.N.J. Oct. 22, 2018) ("the Court only examines the four corners of the Complaint to determine whether the Plaintiff has sufficiently pled his claims"). In doing so, Plaintiff's opposition makes clear that he has failed to state a claim for copyright infringement.

*First*, Plaintiff has no response to Defendants' argument that the alleged "similarities" between *King of Collectibles* and his registered works for *The Goldin Boys* are not protected by copyright law. The claimed similarities are all stock elements that would be found in any show about Ken Goldin's actual life and the collectibles auction business he founded. Plaintiff all but abandons his original infringement theory and now advances the new position that "the particular selection and arrangement of the elements [of *The Goldin Boys* 'treatment' and 'sizzle reel'] as a whole" is protectable. Opp. (ECF 31) at 15. But this fallback "selection and arrangement" argument fares no better than Plaintiff's original theory because he

"fails to explain how those elements are 'particularly selected and arranged' in a manner" that is original and protectable, or "how those elements were similarly arranged within the two works." *Washington v. ViacomCBS, Inc.*, 2020 U.S. Dist. LEXIS 188005, at *10-11 (C.D. Cal. Aug. 20, 2020) (granting motion to dismiss copyright claim).

*Second*, the copyright infringement claim also fails because Plaintiff relies on improper group pleading—lumping all five "Defendants" together without attempting to identify any specific infringing acts by any of the five Defendants. Plaintiff's "lumping of different defendants together makes demonstrating a plausible claim for relief impossible." *Watkins v. ITM Recs.*, 2015 U.S. Dist. LEXIS 96610, at *6 (E.D. Pa. July 24, 2015).

Finally, Plaintiff defends only the copyright claim and fails to respond to the motion to dismiss his partnership claim against Ken Goldin and Goldin Auctions. Count II has been waived and should be dismissed. *On Location, Inc. v. Popovich*, 2023 U.S. Dist. LEXIS 53782, at *12 (D.N.J. Mar. 29, 2023) (O'Hearn, J.).

## ARGUMENT

## I.     THE COPYRIGHT CLAIM FAILS AS A MATTER OF LAW.

Plaintiff's copyright claim fails for two reasons: (i) Plaintiff fails to plausibly allege any actionable copyright infringement; and (ii) the Amended Complaint improperly lumps all "Defendants" together.

## A.    Plaintiff fails to plausibly allege any actionable copyright infringement.

### i.    Plaintiff has not identified any protectable element of *The Goldin Boys* that was allegedly copied.

In their motion, Defendants addressed the allegedly copied elements of *The Goldin Boys* and explained, with citations to authority, why each one was not protectable under the copyright laws. *See* Mot. (ECF 27) at 8-17. And while Plaintiff attempts to claim otherwise (*see, e.g.,* Opp. at 11), his opposition confirms that his allegations fail to identify legally protectable elements of *The Goldin Boys* that Defendants allegedly copied.

All of the purported similarities between *The Goldin Boys* and *King of Collectibles*—including (i) "the notion of featuring one of Jackie Robinson's historical collectibles," (ii) starring Ken Goldin, the founder of Goldin Auctions, and Dave Amerman, the second-in-command, and (iii) having "interview segments of sports celebrities" (Opp. at 15-16)—are unprotectable "scènes à faire," or "those incidents, characters or settings which are as a practical matter indispensable" to a television show about Ken Goldin and Goldin Auctions. *Pino v. Viacom, Inc.*, 2008 U.S. Dist. LEXIS 24453, at *12 (D.N.J. Feb. 29, 2008); *see* Mot. at 8-17 (collecting cases analyzing scènes à faire in reality TV context). For example, Ken Goldin and his actual second-in-command at the company, Dave Amerman, are real people that in fact operate Goldin Auctions and thus are indispensable to any television show

about that business. The same is true for interviews with athletes, because Goldin Auctions regularly helps athletes value and sell their memorabilia.

Plaintiff's argument that *King of Collectibles* infringed his registered works by featuring Jackie Robinson memorabilia (Opp. at 3, 7, 15) is problematic for a second reason: There is nothing in the registered "treatment" or registered "sizzle reel" about Jackie Robinson memorabilia. Robinson is included only in the unregistered work that Plaintiff describes as his "enhanced iteration," "supplemental treatment," or "supplemental pitch." *See, e.g.*, Opp. at 3, 7, 10; *see also* Am. Compl., Ex. B. Because this "element" is not part of either of the registered works (*see* Am. Compl., Exs. A & E), it cannot support Plaintiff's copyright claim. *See Gregory S. Markantone DPM, P.C. v. Podiatric Billing Specialists, LLC*, 599 F. App'x 459, 460 (3d Cir. 2015) ("an action for infringement of a copyright may not be brought until the copyright is registered").

Plaintiff also alleges for the first time in his opposition that he "intended to spotlight at least one female staffer in [his] show's plotline," which Defendants allegedly copied by featuring Myesha Buchanan in *King of Collectibles*. Opp. at 16 (emphasis added). Plaintiff even inserts new photos of scenes from *King of Collectibles* in his opposition. *See id.* at 7, 9. These unpleaded allegations are improper and should be rejected at the threshold. *Sizmur v. Daimler Benz AG*, 2023 U.S. Dist. LEXIS 173849, at *6 (D.N.J. Sept. 28, 2023) (granting motion to dismiss:

"This violates the bedrock principle that a plaintiff cannot amend his complaint through arguments in his briefs in opposition to a motion to dismiss."). But the allegations fail for additional reasons.

Ms. Buchanan is a *real* person and an *actual* employee of Goldin Auctions, so she—like Ken Goldin and Dave Amerman—is naturally part and parcel of a reality television show about Goldin Auctions. *Pino*, 2008 U.S. Dist. LEXIS 24453, at *12 (among the scènes à faire that copyright does not protect are "characters . . . [who] are as a practical matter indispensable . . . in the treatment of a given topic"). In any event, neither Plaintiff's registered "treatment" nor his "sizzle reel" include any female employee or cast member, which is not surprising given that Plaintiff called his show *The Goldin Boys* and his "treatment" describes an all-male cast. *See* Am. Compl., Ex. A. Thus, arguments about Plaintiff's "intentions" to include a female Goldin Auctions employee should also be rejected because that "element" is unprotectable and is not in the registered works. *See Gregory S. Markantone DPM, P.C.*, 599 F. App'x at 460.[1]

The upshot is that the allegations—both old and impermissibly new—fail to support a plausible claim that any protected element of Plaintiff's registered works was infringed.

---

[1] Plaintiff's claim with respect to Ms. Buchanan also fails because copyright only protects works of original expression fixed in tangible form (17 U.S.C. § 102(a)), not what Plaintiff "intended." Opp. at 16.

### ii. Plaintiff's "selection and arrangement" theory of copyright protection fails.

In his opposition, Plaintiff pivots to and relies heavily on a new theory, namely that Defendants allegedly copied the way that Plaintiff *selected and arranged* the elements found in his works. Opp. at 15. This new infringement theory fails.

To proceed under a "selection and arrangement" theory, Plaintiff must plead facts identifying "'the original way in which [Plaintiff] has selected, coordinated, and arranged' various elements" in *The Goldin Boys*, and facts plausibly establishing "that its 'expression of ideas' and 'total concept and overall feel' was substantially similar to" *King of Collectibles*. *Castorina v. Spike Cable Networks, Inc.*, 784 F. Supp. 2d 107, 111 (E.D.N.Y. 2011) (citation omitted); *see also Williams v. A&E TV Networks*, 122 F. Supp. 3d 157, 162 (S.D.N.Y. 2015) ("[A]lthough stock concepts and scènes à faire are unprotectable in and of themselves, their selection, coordination, and arrangement, can be protectable, to the extent that it reflects a particular expression of ideas") (citation omitted). As Plaintiff acknowledges (Opp. at 14), "[s]uch a compilation, while it enjoys copyright protection, is considered thin, and a subsequent work will avoid infringement so long as it does not feature *the same selection and arrangement* as the original." *A&E TV Networks, LLC v. Big Fish Ent., LLC*, 2023 U.S. Dist. LEXIS 105348, at *26 (S.D.N.Y. June 16, 2023) (emphasis added). Plaintiff's new "selection and arrangement" theory is unsupported.

The Amended Complaint "fails to explain how [the elements identified] are 'particularly selected and arranged' in a manner different than commonplace elements or a random selection thereof." *Washington*, 2020 U.S. Dist. LEXIS 188005, at *10. Instead of describing any aspect of his alleged selection, coordination, and arrangement of elements of *The Goldin Boys*, Plaintiff regurgitates generic reality TV tropes and stock elements inherent to a show about Goldin Auctions before alleging, in conclusory fashion, that the "look, feel and pacing" of *The Goldin Boys* was infringed. *See* Am. Compl. ¶¶ 53-56; *see also* Opp. at 15-16 (arguing that the "look and feel" that was infringed includes "the *notion* of featuring one of Jackie Robinson's extraordinary collectibles," featuring "Goldin and Amerman as stars . . . with Amerman's storyline as affable second-in-command foil," etc.) (emphasis added). But listing a series of unprotectable ideas or "notions" and stock elements that do not themselves qualify for copyright protection does not plausibly establish that Plaintiff "augmented [those] stock concepts . . . with significant detail or imagination [so as] to render [any] arrangement original." *Williams*, 122 F. Supp. 3d at 164; *see also Washington*, 2020 U.S. Dist. LEXIS 188005, at *11 ("To the extent Plaintiff relies on the charts attached to her declaration, which identify alleged similarities between the two works, those lists do not describe how those elements were similarly arranged within the two works."); *id.* at *10-11 (dismissing copyright claim: "this Complaint fails to allege (or

describe) the similarities in the arrangement of generic elements in the two works").[2]

Otherwise, to avoid dismissal, copyright plaintiffs could always list a few unprotectable elements and observe that they might nevertheless qualify for protection when combined in some unspecified way.

In his opposition brief, Plaintiff attempts to expand on his conclusory allegation that *The Goldin Boys* has a particular "look, feel and pacing" (*see* Am. Compl. ¶ 53), arguing for the first time that the show has the look "for a 'fly-on-the-wall-style,' loosely scripted reality program, including its musical interludes, background music and the suspense created for the viewers who anticipate, with great suspense, the reveal of the value of a particular item of sports memorabilia or of a collectible item," and features the "dramatiz[ation]" of Ken Goldin and Dave Amerman to "heighten tension and comedic effect." Opp. at 15-16.[3]  But these new allegations about "fly-on-the-wall-style," music, suspense, and dramatization are not in the Amended Complaint and cannot defeat Defendants' motion to dismiss. *Sizmur*, 2023 U.S. Dist. LEXIS 173849, at *6. And even if the Amended Complaint *had* included these vague and generic allegations, Plaintiff's claim would still fail

---

[2] "In no case does copyright protection . . . extend to any idea."  17 U.S.C. § 102(b).

[3] Although Plaintiff refers repeatedly to the allegedly "scripted" "storyline" (*e.g.*, Opp. at 1, 8, 15), he points to no dialogue or element of any episode of *King of Collectibles* that he alleges he "scripted" or that was copied from either of his copyrighted works.

because such generic "choices in 'select[ing] coordinat[ing] and arrang[ing]' stock elements are largely inherently functional to the idea of [an auction] reality show, not 'original' creative expressions of any particular idea." *Castorina*, 784 F. Supp. 2d at 112. As just one example, it would be difficult to make a reality television show about a high-end auction business that does not build suspense or drama before revealing the value of the items sold.

Finally, if there was any lingering doubt that Plaintiff's new "arrangement" theory fails, the decision in *A&E TV Networks, LLC v. Big Fish Entertainment, LLC*, 2023 U.S. Dist. LEXIS 105348 (S.D.N.Y. June 16, 2023), would erase it. In *Big Fish*—the sole case Plaintiff cites to support his new theory (Opp. at 13-15)—the court found that "it is the *direct copying* of the creative ordering of the segments, guests, colors, music, hosts, angles, camera toggling, and other elements in *Live PD* that render the show's expression original, and the *nearly-exact copying* by Defendants an infringement." *Big Fish*, 2023 U.S. Dist. LEXIS 105348, at *29-30 (emphasis added). In contrast, Plaintiff has not alleged—and cannot allege—that he ordered elements of *The Goldin Boys* in a "sufficiently creative and unique" way, or that *King of Collectibles* is a "nearly exact" copy of any such original arrangement. *Id.* There are simply no allegations establishing the sort of wholesale "rip off" that led the court to deny the defendants' motion to dismiss in *Big Fish*. *Id.* In short, "Plaintiff does not allege or identify any *sequence* of uncopyrightable elements in

[*The Goldin Boys*] that is similar to any in [*King of Collectibles*] so as to approach the extent of similarity and identity" needed to state a viable "arrangement" claim. *Pino*, 2008 U.S. Dist. LEXIS 24453, at *22 (emphasis added).[4]

### iii.   The Court should decline Plaintiff's late invitation to review the allegedly infringing work and redraft the Amended Complaint for him.

Trying to salvage his deficient pleading, Plaintiff suggests for the first time in a footnote that the Court could watch all six episodes of *King of Collectibles* on Netflix and assess for itself whether there are individual elements, or some unique combination of elements, from *The Goldin Boys* that are used in *King of Collectibles*. *See* Opp. at 1 n.1 ("remind[ing] the Court that access to full *King* episodes can be obtained through a private Netflix account"). Although a review of the relevant works would confirm that Plaintiff's copyright claim is frivolous, Plaintiff's request is both improper and unnecessary.

If Plaintiff wanted the Court to analyze episodes or specific portions of any episodes of *King of Collectibles*, or to assess his vague and unsupported claim that there is "incredible similarity" between his works and *King of Collectibles* (Opp. at

---

[4] Plaintiff's final argument, that Netflix's registering "all six episodes of King" belies Defendants' argument that Plaintiff has not pleaded a valid copyright claim (Opp. at 16), flips copyright law on its head. No one disputes that the registered "treatment" (as words on paper) and registered "sizzle reel" (the actual video clip) are copyrightable—as are the individual episodes of *King of Collectibles*. But registering those works says nothing about the protectability of the *specific elements* of *The Goldin Boys* Plaintiff claims that Defendants copied.

8), then he should have taken steps to submit the allegedly infringing work(s) to the Court, or to ensure that they were otherwise properly before the Court in connection with the allegations in the Amended Complaint. He did not do so. At a minimum, it was incumbent on Plaintiff to identify in his Amended Complaint—through specific allegations, including, for example, the use of screenshots and timestamps—the particular aspects of *King of Collectibles* that the Court should compare to *The Goldin Boys* (*i.e.*, where to look and what to look for). In fact, despite Plaintiff's protests and although improper, he *was* able to include in his brief screenshots from *King of Collectibles*, including screenshots allegedly relating to his irrelevant and unregistered "supplemental treatment" and of Ms. Buchanan.

Absent specific allegations, Plaintiff's request that the Court scour the *The Goldin Boys'* "treatment" and "sizzle reel," and all 204 minutes of *King of Collectibles* for impermissibly copied elements seeks to improperly impose on the Court and relieve Plaintiff of his burden to plead facts supporting a plausible copyright claim. *See, e.g.*, *FMHUB, LLC v. MuniPlatform, LLC*, 2021 U.S. Dist. LEXIS 72761, at *16-17 (D.N.J. Apr. 15, 2021) ("a plaintiff must meet an initial burden [of] plead[ing] factual allegations that the information . . . was protected by copyright'"). It also deprives Defendants of fair notice of the claim they are defending against. *See, e.g.*, *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 338

(2005) ("'short and plain statement' must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests'").

### B.     Plaintiff's allegations improperly lump all "Defendants" together.

Plaintiff's copyright claim also fails because his bare-bones and conclusory allegations of infringement impermissibly lump all "Defendants" together rather than alleging how *each* Defendant infringed his registered works. *See* Mot. at 17-20; *see also Watkins*, 2015 U.S. Dist. LEXIS 96610, at *8 (dismissing copyright claim that "aims at many defendants, but entirely misses its mark due to its lack of specifics," as "general allegations against [multiple] defendants make it impossible for [the Court] to home in on specific acts against any of the defendants").

With respect to Ken Goldin and Goldin Auctions, Plaintiff responds only that those defendants "had a material role in *contributing* to the infringement" because they "actively shopped" the sizzle reel. Opp. at 17 (emphasis added). He also claims that "all Defendants had some contributory role." *Id.* at 18. But the allegations in the Amended Complaint assert a claim of *direct* infringement, not a claim for *contributory* infringement. *See generally, e.g., Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) (discussing elements of a contributory infringement claim); *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 386-87 (3d Cir. 2016) (same). There are no *specific* allegations that Ken Goldin or Goldin Auctions

12

(or any other party) infringed Plaintiff's works directly by writing, directing, producing, advertising, selling, or streaming *King of Collectibles*. *See* Mot. at 18-19.

As for the remaining three Defendants, Plaintiff has never alleged who they are or what allegedly infringing actions they took. The *only* allegations in the Amended Complaint concerning Wheelhouse and Spoke Studios, in particular, are that the "sizzle reel" was shopped to them by Goldin and Goldin Auctions (Am. Compl. ¶ 49) and Plaintiff's unsupported speculation that all Defendants "intend to violate" Plaintiff's copyrights in the future. *Id.* ¶ 58; *see also* Mot. at 20. But viewing the sizzle reel is not an infringing act, so Plaintiff attempts to supplement the already-Amended Complaint by (i) arguing in his opposition that Spoke Studios produced *King of Collectibles*, Wheelhouse is the parent company of Spoke Studios, and Netflix streamed *King of Collectibles*, and (ii) attaching new exhibits in an apparent effort to explain the relationship between these Defendants. *See* Opp. at 18, Exs. B & C. Plaintiff cannot remedy his improper group pleading by adding new facts in his opposition brief (*see Sizmur*, 2023 U.S. Dist. LEXIS 173849, at *6), and the materials he seeks to add do not remedy his deficient pleading, in any event.[5]

---

[5] For example, Plaintiff's new, unpleaded allegation against Wheelhouse (*see* Opp. at 18) also fails because a parent company is not liable for the actions of its subsidiary solely because of the parent-subsidiary relationship. *See United States v. Bestfoods*, 524 U.S. 51, 61 (1998).

The issue of Plaintiff's improper group pleading has been before the Court since the lead up to the August 21, 2023 pre-motion to dismiss conference. Pre-Motion Letter (ECF No. 15) at 3. And yet Plaintiff made no effort to address the issue in the Amended Complaint by adding allegations explaining "by what specific acts" each Defendant purportedly infringed his copyrights. *Levey v. Brownstone Inv. Grp., LLC*, 2013 U.S. Dist. LEXIS 90178, at *17 (D.N.J. June 26, 2013). Plaintiff's twice-pleaded copyright claim should therefore be dismissed with prejudice.

## II.   PLAINTIFF HAS ABANDONED HIS CLAIM UNDER THE NEW JERSEY UNIFORM PARTNERSHIP ACT.

Defendants Ken Goldin and Goldin Auctions separately argued that Plaintiff's "alternative" claim against them under the New Jersey Uniform Partnership Act fails as a matter of law for two reasons. *See* Mot. at 20-29 (arguing that Plaintiff cannot adequately allege the existence of a partnership and that Plaintiff's claim is preempted under the Copyright Act). In his opposition, Plaintiff never addresses— let alone opposes—those arguments. Instead, right after pointing out that the Amended Complaint asserts both a cause of action for copyright infringement (Count I) and a cause of action under the New Jersey Uniform Partnership Act (Count II), Plaintiff proceeds to argue only that he has "made out colorable claims to overcome a motion to dismiss on Count I." Opp. at 1. The next 18 pages of the opposition discuss the copyright claim, without even mentioning the word "partnership."

14

Because the motion to dismiss the partnership claim in Count II is unopposed, and for the reasons articulated in Defendants' opening brief, the Court should dismiss that now-abandoned claim. *See D.A. v. Finish Line, Inc.*, 2022 U.S. Dist. LEXIS 188052, at *5 (D.N.J. Oct. 14, 2022) (collecting cases standing for proposition that "Courts in this District have consistently held that the failure to respond to a substantive argument to dismiss a count, when a party otherwise files an opposition, results in a waiver of that count."); *On Location, Inc*, 2023 U.S. Dist. LEXIS 53782, at *12 (O'Hearn, J.) (dismissing six claims when plaintiff did "not respond[] to Defendant's Motion to Dismiss" and "waived these claims").

## <u>CONCLUSION</u>

For these reasons and those stated in Defendants' motion, the Court should dismiss Plaintiff's Amended Complaint with prejudice.

Dated:  November 20, 2023

*/s/ Craig Carpenito*
Craig Carpenito (New Jersey Bar No. 027102000)
**KING & SPALDING LLP**
1185 Avenue of the Americas 34th Floor
New York, New York 10036
ccarpenito@kslaw.com
Telephone: (212) 556-2142
Facsimile: (212) 556-2222

*Counsel for Defendants Spoke Studios LLC, Wheelhouse*

Respectfully submitted,

*/s/ Jenny Kramer*
Jenny Kramer (New Jersey Bar No. 014372001)
**ALSTON & BIRD LLP**
90 Park Avenue, 15th Floor
New York, New York 10016
jenny.kramer@alston.com
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

Jonathan D. Parente (admitted *pro hac vice*)
**ALSTON & BIRD LLP**

15

*Entertainment LLC, and Netflix, Inc.*    1201 West Peachtree Street, Suite 4900
Atlanta, Georgia 30309
jonathan.parente@alston.com
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

*Counsel for Defendants*
*Goldin Auctions, LLC and Ken Goldin*