UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GERVASE PETERSON, *et al.*,

    Plaintiffs,

v.

KEN GOLDIN, *et al.*,

    Defendants.

No. 1:23-cv-2866

**OPINION**

**APPEARANCES**:

Samuel B. Fineman
COHEN FINEMAN, LLC
1999 Marlton Pike E.
Suite 4
Cherry Hill, NJ 08003

    *On behalf of Plaintiffs*.

Jenny R. Kramer
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016

Craig Carpenito
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036

    *On behalf of Defendants.*

**O'HEARN, District Judge.**

This matter comes before the Court on Ken Goldin ("Goldin"); Goldin Auctions, LLC ("Goldin Auctions"); Spoke Studios, LLC ("Spoke"); Wheelhouse Entertainment, LLC ("Wheelhouse"); and Netflix, Inc.'s ("Netflix"), (collectively, "Defendants") Motion to Dismiss

(ECF No. 27) the Amended Complaint filed by Plaintiff Gervase Peterson ("Plaintiff").[1] (ECF No. 25). The Court did not hear oral argument pursuant to Local Rule 78.1. For the reasons that follow, Defendants' Motion is **GRANTED**.

I.      BACKGROUND

*King of Collectibles: The Goldin Touch* ("KOC") is reality show streaming on Defendant Netflix's streaming service. (Am. Compl., ECF No. 25 at ¶ 3). It premiered in May of 2023 and follows Ken Goldin's business, Goldin Auctions. (ECF No. ¶¶ 3, 56). Plaintiff alleges that KOC infringes on his copywritten idea for a similar show. (ECF No. ¶¶ 3–8).

Plaintiff owns two copywritten works: a "script/screenplay entitled *The Goldin Boys*," and a video production entitled *Goldin Boys*, the former of which is sometimes referred to as a "treatment,"[2] and the latter a "sizzle reel"[3] (collectively, "the registered works"). (ECF No. 25 at ¶¶ 2–8, 19–20). Defendant Goldin Auctions—a New Jersey based business that buys and sells sports memorabilia and other collectible items—is the general subject of the registered works. (ECF No. 25 at ¶¶ 22–23).

Goldin was introduced to Plaintiff in 2019 through a then-employee of Goldin Auctions. (ECF No. 25 at ¶ 22). By June 2019, Plaintiff was "shopping" the treatment to producers. (ECF No. 25 at ¶ 25). Plaintiff met with Goldin in November 2019 to discuss production of the sizzle reel, which was shot in December 2019 in New Jersey and Florida and was uploaded to the internet

---

[1] Though Plaintiffs Richard Berger and Skye Dennis joined in the initial Complaint, (ECF No. 1), only Plaintiff Gervase Peterson filed the Amended Complaint, leaving him as the sole Plaintiff. *See* (ECF No. 25).
[2] The treatment follows Goldin "and his team acquire and sell sports items." (ECF No. 25 at ¶ 23).
[3] The Court notes that Plaintiff did not file the copyright registration for the sizzle reel until August 21, 2023—the same day this Court held a pre-motion conference to discuss Defendants' anticipated motion to dismiss. *See* (ECF No. 23); (ECF No. 25 at ¶ 20).

2

in January 2020. (ECF No. 25 at ¶¶ 21, 32–33, 37–38). An "enhanced iteration of the treatment" features "Jackie Robinson's historical contracts" and lists Goldin Auctions' employee Dave Amerman ("Amerman") as a cast member. (ECF No. 25 at ¶ 27).

After the Summer of 2020, communication between Plaintiff and Goldin ceased. (ECF No. 25 at ¶ 48). Plaintiff alleges that Goldin and Goldin Auctions "shopped" the sizzle reel to Spoke, Wheelhouse, and Netflix. (ECF No. 25 at ¶ 49). KOC premiered on Netflix in May 2023.[4] (ECF No. 25 at ¶ 3). The show generally follows Goldin and Amerman and includes interviews with sport celebrities. (ECF No. 25 at ¶¶ 54–55). KOC has since been renewed for a second season. (ECF No. 25 at ¶ 57).

## II. PROCEDURAL HISTORY

On May 25, 2023, Plaintiffs commenced this action seeking actual and statutory damages for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*. (Compl., ECF No. 1 at ¶ 1). An Amended Complaint was filed September 5, 2023, removing Plaintiffs Richard Berger and Skye Dennis, leaving Gervase Peterson as the only remaining Plaintiff. *See* (ECF No. 25). The Amended Complaint also added Uniform Partnership Act ("UPA") claims against Goldin and Goldin Auctions only, and added allegations that the creation of a second season of KOC displays willful intent to violate Plaintiff's copyright. (ECF No. 25 at ¶¶ 57–58, 75–82). Defendants filed a Motion to Dismiss. (ECF No. 27). Plaintiff filed a response (ECF No. 31), to which Defendants replied. (ECF No. 32).

## III. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6).

When considering a motion to dismiss a complaint for failure to state a claim upon which

---

[4] The premiere featured a segment about Jackie Robinson collectibles. (ECF No. 25 at ¶ 52).

3

relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Further, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Twombly*, 550 U.S. at 570).

### IV. DISCUSSION

#### A. Plaintiff Fails to State a Claim Under the Copyright Act.

Plaintiff alleges that he owns the rights to a reality television-style show about Goldin Auctions and that the similarities between Goldin Boys and KOC constitute infringement of the registered works. (ECF No. 25 at ¶¶ 2–6). Specifically, he argues that the following similarities between the registered works and KOC constitute infringement: (1) the use of Defendant Goldin and Amerman; (2) the use of a "second-in-command" character trope; (3) the use of celebrity athletes; (4) the use of Jackie Robinson memorabilia; and (5) the pacing, look, feel, and editing of the Goldin Boys and KOC. (ECF No. 25 at ¶¶ 51–56). Defendants argue that "the idea for a reality television show about Goldin Auctions' *actual* business and Ken Goldin's *own* life" is unprotectable under the Copyright Act. (ECF No. 27 at 1–2) (emphasis in original). The Court

4

agrees with Defendants.

The Copyright Act "distinguishes between ideas and expression and makes only the latter eligible for copyright protection." *Eldred v. Ashcroft*, 537 U.S. 186, 219 (2003); *see also* 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea"). Copyright law therefore protects "particular creative expression, not . . . ideas." *Tanksley v. Daniels*, 902 F.3d 165, 174 (3d Cir. 2018). In determining if a copyright claim can survive a 12(b)(6) motion to dismiss, the court must first "excis[e] all unprotectable ideas and *scènes à faire*."[5] *Id.* at 175. The court must then compare any remaining protectable elements to the allegedly infringing work to determine if they are "substantially similar." *Id*. "[C]ourts will dismiss an infringement action if they conclude that no trier of fact could rationally determine the two works to be substantially similar." *Id.* at 172 (internal quotations, citation, and alteration omitted).

Reality television shows are frequently found to be rife with unprotectable ideas and *scènes à faire*. *See Milano v. NBC Universal, Inc.*, 584 F. Supp. 2d 1288, 1295 (C.D. Cal. 2008) (explaining that, "[p]lainly the 'reality' aspect of [a] show could hardly be considered original or protectable"); *see also Gray-El v. Jennifer Lopez/Nuyorican Prods., Inc.*, No. 19-10952, 2019 WL 8750506, at *12 (E.D. Mich. Dec. 18, 2019) (relying on *Milano* for the proposition that "the general theme of reality programming . . . is an unprotectable idea"). For this reason, courts routinely dismiss copyright claims alleging that the idea for a reality show is protectable and has been infringed. *See*, *e.g.*, *Milano*, 584 F. Supp. 2d at 1295–96 (finding a weight loss reality show is not protectable under the Copyright Act); *Gray-El*, 2019 WL 8750506, at *12 (recommending that a copyright claim be dismissed because "the shared premise of . . . a dance competition show

---

[5] *Scènes à faire* are "incidents, characters or settings which are as a practical matter indispensable . . . in the treatment of a given topic." *Pino v. Viacom, Inc.*, No. 07-3313, 2008 WL 704386, at *5 (D.N.J. Mar. 4, 2008) (internal quotations and citation omitted).

. . . is unprotectable"), *adopted* 2020 WL 1060642 (E.D. Mich. Mar. 5, 2020); *Williams v. A&E TV Networks*, 122 F. Supp. 3d 157, 163 (S.D.N.Y. 2015) (granting a motion to dismiss because there was no "enforceable copyright in the general idea for a reality show about arranged marriages or marriage between strangers"); *Castorina v. Spike Cable Networks, Inc.*, 784 F. Supp. 2d 107, 111 (E.D.N.Y. 2011) (granting a motion to dismiss because the "basic concept of a sports reality show" was unprotectable) (internal quotations omitted); *Bethea v. Burnett*, No. 04-7690, 2005 WL 1720631, at *13 (C.D. Cal. June 28, 2005) (holding that the idea of having Donald Trump host a corporate-themed reality show was not protectable). Plaintiff's registered works are no exception. The five elements of the registered works that he alleges are protectable are nothing more than unprotectable *scènes à faire*.

First, Plaintiff alleges that, by featuring Defendant Goldin and his employee Amerman in KOC, Defendants have infringed upon his registered works. (ECF No. 25 at ¶ 56). However, "characters . . . [who] are as a practical matter indispensable . . . in the treatment of a given topic" are considered unprotectable *scènes à faire*. *Pino*, 2008 WL 704386, at *5 (internal quotations omitted). The Court is hard pressed to imagine two characters that would be more indispensable to a reality show about a business than its founder and a key employee. Moreover, courts routinely find that real people cannot be copywritten. *See*, *e.g.*, *Bethea*, 2005 WL 1720631, at *13 ("Plaintiffs cannot copyright the idea of having . . . Donald Trump host a reality television program."); *Sawicky v. AMC Networks, Inc.*, No. 18-114, 2018 WL 11292263, at *2 (C.D. Cal. July 11, 2018) (finding that the children of famous musicians could not be copywritten because the plaintiff did "not create any characters, and the general idea of casting children of famous people is not protectable expression."). Here, as in *Sawicky*, Plaintiff did "not create any characters." 2018 WL 11292263, at * 2. Defendant Goldin and his employee Amerman are real

6

people portraying themselves and are indispensable from the daily functions of Goldin Auctions. Such *scènes à faire* is clearly unprotectable.

Second, Plaintiff argues that Amerman's "affable second-in-command foil" is protectable and, because it appears in KOC, Defendants have infringed on the registered works. (ECF No. 25 at ¶¶ 54, 56). For the same reasons that Amerman himself is not protectable, neither is his personality. *See id.* at *5 (relying on *Bethea*, 2005 WL 1720631, for the proposition that "a creator cannot copyright the idea of casting a real person on a show."). Moreover, the "'righthand-man' character is a generic prototype . . . not entitled to copyright protection." *Walker v. Kemp*, 587 F. Supp. 3d 232, 244 (E.D. Pa. 2022).

Third, Plaintiff submits that KOC's "segments featuring celebrity athletes discussing their stories about collectibles" infringes on the registered works. (ECF No. 25 at ¶ 56). However, Plaintiff is unable to copyright the general idea of celebrity athletes discussing their own stories and collectibles. *See, e.g., Castorina*, 784 F. Supp. 2d at 112 ("stock elements . . . largely inherently functional to the idea of a sports reality show" are unprotectable); *see also Bethea*, 2005 WL 1720631, at *13 (corporate-themed reality show with celebrity host unprotectable). These are "elements generic to the idea of a sports-themed reality television show" that focuses on sports memorabilia and related collectibles. *Pino*, 2008 WL 704386, at *5. Such generic ideas are considered "stock elements typical of the reality show genre and *scènes à faire* [that would] flow[] from" any sports memorabilia-themed reality show. *Id.*

Fourth, Plaintiff attempts to argue that Defendants have infringed on the registered works because KOC features segments about Jackie Robinson collectibles. (ECF No. 25 at ¶¶ 52, 56). *Any* reality show that focuses on sports memorabilia will feature collectibles from high-profile athletes. Such *scènes à faire* or "stock elements common to reality shows" are not protectable

because they are "elements generic to the idea of a sports-themed [collectibles] reality television show." *Id.* Moreover, "historical facts," like those about Jackie Robinson, "are unprotectable." *Hayes v. Minaj*, No. 12-7972, 2012 WL 12887393, at *5 (C.D. Cal. Dec. 18, 2012).[6]

Fifth and finally, Plaintiff alleges that KOC "shares the same pacing, look, feel and editing of *The Goldin Boys*." (ECF No. 25 at ¶ 56). Plaintiff does not elaborate. Such conclusory and "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. Though the Court views allegations in the Amended Complaint in a light most favorable to the Plaintiff, as it must at this stage, that lens extends only to *well-pleaded* allegations; "mere conclusory statements . . . do not suffice." *Id.*

After analyzing the five elements Plaintiff alleges are protectable, the Court finds that all are deemed ideas and *scènes à faire* that cannot be protected under the Copyright Act. "After excising all unprotectable ideas and *scènes à faire*," the Court is left with no remaining protectable elements to compare to the allegedly infringing work to determine if they are "substantially similar." *Tanksley*, 902 F.3d at 175. Therefore, Defendants' motion to dismiss Count I must be granted.

**B. Plaintiff Fails to State a Claim under the UPA.**

Count II of Plaintiff's Amended Complaint alleges that he created a partnership with Defendants Goldin and Goldin Auctions "when the[y] decided to make a reality show together that culminated in the making and production of *The Goldin Boys*' 'sizzle reel.'" (ECF No. 25 at ¶ 76). Defendants argue that no partnership agreement exists and, even if it did, Plaintiff's claim would be preempted by the Copyright Act. (ECF No. 27 at 20–21).

---

[6] The Court notes that Jackie Robinson is not mentioned in the registered works, but only in an unregistered "enhanced description" of them. *See* (ECF No. 25 at Exs. C–E).

Plaintiff has failed to respond to Defendants' argument as to this claim and in his opposition argues only that he "has made out colorable claims to overcome a motion to dismiss on Count I." (ECF No. 31 at 1). "[C]ourts in this District have consistently held that the failure to respond to a substantive argument to dismiss a count, when a party otherwise files an opposition, results in a waiver of that count." *D.A. v. Finish Line, Inc.*, No. 21-16454, 2022 WL 7989391, at *2 (D.N.J. Oct. 14, 2022) (collecting cases). "Because [Plaintiff] has not responded to Defendant's Motion to Dismiss Count[ II], [Plaintiff] has waived th[is] claim[]." *On Location, Inc. v. Popovich*, No. 22-0893, 2023 WL 2674843, at *4 (D.N.J. Mar. 29, 2023).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, (ECF No. 27), is **GRANTED**. An appropriate Order accompanies this Opinion.

**CHRISTINE P. O'HEARN**
**United States District Judge**